[Crim. No. 3967.   Third Dist.   Jan. 6, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM HOWLETT THOMPSON, Defendant and Appellant.

William Howlett Thompson, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Anthony S. DaVigo, Deputy Attorneys General, for Plaintiff and Respondent.

FRIEDMAN, J.—Appeal from order denying a petition for writ of error *coram nobis*.

In 1952 appellant was an inmate of Folsom State Prison. He was assigned to the ranch and dormitory on the prison grounds. The agricultural area at Folsom State Prison is known as Camp Represa. While so assigned appellant left without authorization. After his apprehension he was convicted of violating Penal Code section 4530, which at that time imposed criminal penalties on a "prisoner confined in a state prison who escapes or attempts to escape therefrom." This conviction was one of two prior convictions forming the basis for a 1961 adjudication of habitual criminality under Penal Code section 644, subdivision (a). By this *coram nobis* proceeding appellant seeks to set aside his conviction of escape from state prison, claiming that he should have been charged and convicted of escape from a prison camp or farm in violation of former Penal Code section 4531.[1]

---

[1]In 1963 section 4531 was repealed and its provisions incorporated in section 4530 (Stats. 1963, ch. 1784). At the time of appellant's offense section 4531 provided: "Every prisoner committed to a State prison who escapes or attempts to escape while being conveyed to or from such prison or any other State prison, or any prison road camp, prison forestry camp, or other prison camp or prison farm or any other place while under the custody of prison officials, officers or employees; or who escapes or attempts to escape from any prison road camp, prison forestry camp, or other prison camp or prison farm or other place while under the custody of prison officials, officers or employees; or who escapes or attempts to escape while at work outside or away from prison under custody of prison officials, officers or employees is punishable by imprisonment in a State prison for a term of not less than one year and on conviction thereof the term of imprisonment therefor shall commence from the time such prisoner would otherwise have been discharged from said prison."

Argument as to availability of *coram nobis,* or in the alternative habeas corpus, is quite pointless. ■ This court takes judicial notice that the facility or area called Camp Represa is an integral portion of Folsom State Prison, located on the grounds and within the boundaries of the prison. The agricultural portion of Folsom State Prison is not a prison farm on state-owned land transferred to the Director of Corrections under Penal Code section 2715; not a prison road camp established under section 2760 et seq.; and not a prison forestry camp established under section 2780 et seq. It is simply a portion of Folsom State Prison located outside the walls which enclose the principal prison buildings and grounds. Camp Represa is an unofficial title given to the agricultural portion of the prison. It is not a separate institution. Rather, it is just as much a part of Folsom State Prison as the buildings and land within the walls. ■ Appellant was properly convicted under Penal Code section 4530.

Mention should be made of *People* v. *Howard,* 120 Cal.App. 45 [8 P.2d 176], decided by this court in 1932. In that case the defendant escaped from an area called "prison ranch" at Folsom State Prison. He was charged and convicted under Penal Code section 106, which was the predecessor of section 4531. The information charged that Howard had escaped from the surveillance of prison guards of Folsom Prison while at work "outside such prison." The conviction was sustained. The *Howard* decision is not authority for the point that the prison ranch is "outside" Folsom Prison. Indeed, the court did not even discuss the fact that the prison ranch is an integral part of the prison facility. There was no necessity for such a decision, since the court specifically held that any uncertainty in the phrase "outside such prison" was waived by the defendant's failure to raise it by demurrer in the trial court. (120 Cal.App. at p. 51.) The *Howard* case does make one point which is of interest here. The court defines the word "confined" to include one who is serving a sentence for the commission of a crime even when he is temporarily outside the prison walls under the charge of prison guards. (120 Cal.App. at pp. 50-51.)

Order affirmed.

Pierce, P. J., and Good, J., pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 2, 1966.

---

*Assigned by the Chairman of the Judicial Council.